IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLOBE LIFE AND ACCIDENT )
INSURANCE COMPANY )
       )
      Plaintiff )
       )     CIVIL ACTION FILE
v. )
       )     NO. 1 09-cv-3574
DEBORAH LEWIS, BARBARA )
MALLORY, SHERION MOON, and )
ADRIAN RICH )
       )
      Defendants )
       )

**TCB**

## COMPLAINT IN INTERPLEADER

Now comes plaintiff, GLOBE LIFE AND ACCIDENT INSURANCE

COMPANY ("Globe Life"), by and through its attorneys, and for its Complaint in

Interpleader states:

## PARTIES

1.

Interpleader Plaintiff Globe Life is a corporation organized under the laws of

the State of Nebraska, with its principal place of business in Oklahoma City,

Oklahoma. Globe Life is duly licensed to do business in the State of Georgia.

2.

Upon information and belief, defendant Deborah Lewis is the daughter of

Velma Middlebrooks, a/k/a Velma Hinton (the "Decedent"), and she is a citizen of the State of Georgia, residing in Powder Springs, Cobb County, Georgia.

3.

Upon information and belief, defendant Barbara Mallory is the daughter of the Decedent, and she is a citizen of the State of Georgia, residing in Lithonia, DeKalb County, Georgia.

4.

Upon information and belief, defendant Sherion Moon is the daughter of the Decedent, and she is a citizen of the State of Georgia, residing in Powder Springs, Cobb County, Georgia. Sherion Moon is also the executor for the estate of the Decedent.

5.

Upon information and belief, defendant Adrian Rich is the daughter of the Decedent, and she is a citizen of the State of Alabama, residing in Dothan, Houston County, Alabama.

**JURISDICTION AND VENUE**

6.

This is an action for interpleader pursuant to 28 U.S.C. § 1335. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. §1335, because there is diversity of citizenship among at least two adverse

claimants within the meaning of 28 U.S.C. §1332, and because Globe Life has in its custody proceeds of a life insurance policy in the amount of $500.00 or more.

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1397 because at least one of the defendants resides in this district.

## **CAUSE OF ACTION IN INTERPLEADER**

8.

Effective February 14, 2003, the Decedent was covered under life insurance Policy No. 00J280363 (the "Policy") issued by Globe Life in the face amount of $10,000. A duplicate copy of the Policy is attached hereto as Exhibit 1.

9.

On the original enrollment form for the Policy, in the space marked "Name of Beneficiary," the Decedent wrote "Dauther [sic] —Sherion Moon." Directly underneath, in the space marked "Relationship," the Decedent wrote "Deborah Lewis—Dauther [sic]." A redacted copy of the original enrollment form is attached hereto as Exhibit 2.

10.

On August 5, 2005, the Decedent purchased additional coverage under the Policy, in the amount of $5,000. A redacted copy of the enrollment form for the additional coverage is attached hereto as Exhibit 3.

11.

On the August 5, 2005 enrollment form, both the name of the beneficiary and the beneficiary's relationship to the Decedent were indicated as being "on file." However, in the space marked "Name of Beneficiary," the Decedent wrote "Deborah Lewis."

12.

On July 31, 2006, the Decedent signed a Power of Attorney, which named Sherion Moon as her Attorney-in-Fact. A true and correct copy of the Power of Attorney is attached hereto as Exhibit 4.

13.

The Power of Attorney purports to grant to Sherion Moon "full power and authority to sign all papers, deeds and documents; to issue all receipts and to do all acts necessary and proper to accomplish any and all of the duties…specified, with the same validity as I might myself do, were I personally present and acting for myself…." Further, the Power of Attorney states that it is "'durable' and shall not be deemed revoked by my disability or incapacity; nor shall this agency be deemed revoked by the passage of time."

14.

Globe Life did not receive a copy of the Power of Attorney until after the Decedent's death in April 2009.

15.

On August 25, 2006, the Decedent signed a Durable Power of Attorney for

Health Care, which named Sherion Moon as her attorney in fact for "any and all

decisions for me concerning my personal care, medical treatment, hospitalization,

and health care, and to require, withhold, or withdraw any type of medical

treatment or procedure, even though my death may ensue." A redacted copy of the

Durable Power of Attorney for Health Care is attached hereto as Exhibit 5.

16.

On the form, the Decedent designated Adrian Rich as the successor agent for

the Durable Power of Attorney for Health Care.

17.

Globe Life did not receive a copy of the Durable Power of Attorney for

Health Care until after the Decedent's death in April 2009.

18.

On April 27, 2007, the Decedent submitted a change of beneficiary form

naming Sherion Moon as the beneficiary for the Policy. The change of beneficiary

form is attached hereto as Exhibit 6.

19.

In May 2007, the beneficiary designation for the Policy was changed to

Sherion Moon. A beneficiary endorsement reflecting that change is attached

hereto as Exhibit 7.

20.

In or around January 2009, the Decedent requested that Globe Life change the name on the Policy from "Velma Middlebrooks" to "Velma Hinton."

21.

On January 28, 2009, Globe Life wrote to the Decedent, informing her that it had received her request to change the name on the Policy. Globe Life advised the Decedent that before any changes could be made, the Decedent would need to provide Globe Life with legal documents reflecting the name change and legal documents reflecting the insured's date of birth; i.e., birth certificate or driver's license. A redacted copy of this correspondence is attached hereto as Exhibit 8.

22.

On March 8, 2009, the Decedent was discharged after a stay at DeKalb Medical Center to her home with hospice care. A true and correct copy of the Discharge Education and Instructions Form from DeKalb Medical Center is attached hereto as Exhibit 9.

23.

The Discharge Education and Instructions Form was signed by Sherion Moon.

24.

On March 8, 2009, Sherion Moon executed a Patient Agreement on the

Decedent's behalf, with Visiting Nurse Hospice Atlanta, indicating, "I do not want

my life to be prolonged and I want to allow natural death. I want to receive only

medicine and treatments to control pain and keep me comfortable when my death

is expected." A true and correct copy of the Patient Agreement is attached hereto

as Exhibit 10.

25.

On or around March 16, 2009, the Decedent changed the beneficiaries of the

Policy via telephone call to Globe Life. A true and correct copy of the transcript of

the phone call is attached hereto as Exhibit 11.

26.

In this phone call, the Decedent identified herself as both Velma Hinton and

Velma Middlebrooks. She correctly verified her date of birth and mailing address.

The conversation between the Customer Service Representative ("CSR") and the

Decedent proceeded as follows:

**CSR**: [H]ow can we assist you today?

**Decedent**:    Uh, yes, I want to change the beneficiary on my policy,
please.

. . .

**CSR**: Alright. Right now I'm showing that your beneficiary is

Doctor Sherion Moon. Are we...keeping her on there or, and adding somebody else, or was you removing her off and putting somebody in her place?

**Decedent**:    Yes, I'm taking her off.

**CSR**: Okay.  Who was you gonna put in her place?

**Decedent**:    Uh, my other daughter.

**CSR**: Okay, and...her name is?  What is her name?

**Decedent**:    Adrian.  Rich.

...

**CSR**: Okay, were you adding anybody or is it just uh, Ms. Rich?

**Decedent**:    Uh, Adrian Rich and uh, Barbara.  Mallory.

...

**CSR**: Okay, and her relationship to you is?

**Decedent**:    They're, they're my daughters.

...

**CSR**: Okay, were you adding anyone else to benefit, in addition to that?

**Decedent**:    No, just them.

**CSR**: Alright now, I have that change in the system for you.

27.

On or around March 18, 2009, the Decedent suffered a heart attack and was admitted to the DeKalb Medical Intensive Care Unit.

28.

The Decedent died at DeKalb Medical on April 10, 2009. The Death

Certificate lists the cause of death as multi-organ failure. A true and correct copy

of the Death Certificate is attached hereto as Exhibit 12.

29.

On April 17, 2009, Sherion Moon wrote to Globe Life, informing Globe Life

of the Decedent's death and demanding payment of benefits on the Policy. A

redacted copy of this correspondence is attached hereto as Exhibit 13.

30.

On April 20, 2009, Globe Life responded to Sherion Moon requesting proof

of loss documentation required for Globe Life to evaluate the claim. A redacted

copy of this correspondence is attached hereto as Exhibit 14.

31.

On April 29, 2009, Sherion Moon wrote to Globe Life, stating that she was

the legal and only authorized beneficiary for the Policy. Enclosed with the April

29, 2009 letter was a written statement requesting benefits, a copy of a Death

Notice in lieu of a death certificate, and a copy of the Decedent's Obituary,

published in the Atlanta Journal Constitution. A redacted copy of this

correspondence, with enclosures, is attached hereto as Exhibit 15.

32.

At some point, Sherion Moon sent an email to a Globe Life email address,
attempting to inform Globe Life that Barbara Mallory and Adrian Rich were
unauthorized beneficiaries of the Policy. In the email, Sherion Moon stated that
she and/or Deborah Lewis were the legal beneficiaries of the Policy benefits. A
redacted copy of this correspondence is attached hereto as Exhibit 16.

33.

On May 15, 2009, Globe Life wrote to Sherion Moon regarding her April
29, 2009 correspondence and a dispute regarding the policy proceeds between
Adrian Rich, Barbara Mallory, and Sherion Moon. A redacted copy of this
correspondence is attached hereto as Exhibit 17.

34.

In its May 15, 2009 letter, Globe Life informed Sherion Moon:

> According to our records, Adrian Rich and Barbara Mallory were
> named the beneficiaries of this policy on 03/16/09 per Ms.
> Middlebrooks [sic] request. We have no record of receiving Power of
> Attorney documents from you at any time during the life of this
> policy; therefore, there was no reason not to change the beneficiary
> designation per the request of Ms. Middlebrooks.

The letter requested documentation indicating that the Decedent was incapacitated
on March 16, 2009, such that she would not have been able to make the
beneficiary change.

35.

On May 26, 2009, Sherion Moon submitted her "3rd and final" request for

the Policy proceeds, stating that she had provided Globe Life with "adequate and

Legal proof of being [her] mother's Legal and only beneficiary." In her letter,

Sherion Moon also stated that the Decedent "was not allowed and could not sign

any documents." Enclosed with this correspondence were pictures of the Decedent

around March 18, 2009, the original death certificate, and medical records. In her

letter, Sherion Moon notes that her signature is the only signature on "'All' Legal

documents." A redacted copy of the May 26, 2009 letter is attached hereto as

Exhibit 18.

36.

On May 26, 2009, Adrian Rich wrote to Globe Life, stating that she was

filing a claim under the Policy. She included a copy of her driver's license and

current contact information. A redacted copy of this correspondence is attached

hereto as Exhibit 19.

37.

On July 27, 2009, Adrian Rich and Barbara Mallory wrote to Globe Life

stating that they would seek legal action if the claim was not paid in seven days.

Enclosed with the July 27, 2009 letter was a statement from Terry S. Schwartz,

D.O., which indicates that the last time he saw the Decedent, on January 9, 2009,

she "appeared to be aware of her surroundings and able to communicate." A true
and correct copy of this correspondence, with enclosure, is attached hereto as
Exhibit 20.

38.

On September 23, 2009, Globe Life wrote to Sherion Moon, Adrian Rich,
and Barbara Mallory, informing them of their adverse claims. A redacted copy of
this correspondence is attached hereto as Exhibit 21.

39.

In these letters, Globe Life advised the claimants that if they could not come
to an agreement regarding the disputed life insurance benefits, Globe Life would
have to interplead the funds and allow a court to resolve this dispute.

40.

Upon information and belief, the parties have not resolved the dispute
regarding the benefits of the Policy.

41.

By reason of adverse and conflicting claims to the Policy benefits, Globe
Life cannot safely determine what disposition it should make of the death benefits
payable under the Policy.

42.

As a result, Globe Life may be subjected to multiple litigation and exposed

to multiple liability unless this Court authorizes it to pay the aforesaid death benefits into the registry of this Court and requires defendants to assert in this proceeding any claims which they may have or may wish to assert to such benefits.

43.

Globe Life prays that defendants be directed to file in this proceeding whatever claims they may wish to assert to said death benefits, and that Globe Life be discharged from further liability under the Policy by reason of the Decedent's death.

WHEREFORE, Globe Life and Accident Insurance Company prays:

(a)  That its civil action of interpleader be allowed;

(b)  That Globe Life be authorized to pay into the registry of this Court the death benefits of $15,000, payable under Policy No. 00J280363, with interest, for ultimate distribution by order of this Court;

(c)  That defendants be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the death benefits payable under Policy No. 00J280363;

(d)  That defendants be permanently enjoined from instituting or prosecuting against Globe Life any claim in any state or United States court affecting said death benefits, except by way of interpleader in this action;

(e)  That an order be entered discharging Globe Life from further liability

under Policy No. 00J280363;

(f) That this Court determine all conflicting claims to said death benefits and give direction as to the proper recipient of said benefits;

(g) That Globe Life be awarded from the interpleader fund a reasonable sum to cover its costs, expenses, and attorney's fees in connection with bringing this interpleader; and

(h) That Globe Life have such other and further relief to which it may be entitled.

This 18th day of December, 2009.

Kenton J. Coppage
Georgia Bar No. 187190
Dorothy H. Cornwell
Georgia Bar No. 552635

Attorneys for Globe Life and
Accident Insurance Company

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street
Atlantic Center Plaza, Suite 2300
Atlanta, Georgia 30303
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*kent.coppage@smithmoorelaw.com*
*dorothy.cornwell@smithmoorelaw.com*