## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GLOBE LIFE AND ACCIDENT      )
INSURANCE COMPANY,           )
                             )
    Plaintiff,           )      Civil Action File Number
                             )
v.                           )      1:09-CV-3574-TCB
                             )
DEBORAH LEWIS, BARBARA       )
MALLORY, SHERION MOON,       )
and ADRIAN RICH,             )
                             )
    Defendants.          )

### DEFENDANT SHERION MOON'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

*N/A*

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

*Defendant knows of no additional parties.*

Page 1 of 11

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.

*Prior to approximately March 16, 2009, Defendant Moon was listed as the sole beneficiary on the subject life insurance policy, as she had been so designated in April 2007. On March 16, 2009, Globe claims that Decedent contacted Globe by telephone and changed the beneficiary designation from Defendant Moon to Defendants Mallory and Rich. It is the belief of Defendant Moon that Defendants Lewis, Mallory, and Rich conspired to impersonate the decedent and change the beneficiary designation, and that Decedent had neither the intention nor capacity to do so at that time.*

*Decedent died on April 10, 2009. Thereafter, Defendant Moon submitted at least three written demands for payment under the policy. In response, Globe explained that Defendants Mallory and Rich were the beneficiaries under the policy and declined to pay the benefits to Defendant Moon.*

*Defendant Moon's counterclaim arises under O.C.G.A. § 33-4-6 as a result of plaintiff's bad-faith failure to pay the benefits to which she was entitled upon request. The cross-claim is based on the allegations contained above concerning the fraudulent actions of the cross-defendants. Notwithstanding those actions, Defendant Moon believes that under applicable law the purported change in beneficiary was ineffective, (and would have been ineffective even if the telephone call had, in fact, been made by Decedent, which is denied), and there was no question that she remained the sole policy beneficiary. The insurance policy stated that a change in beneficiary was required to be made in writing, and no such request was ever made.*

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

1) *Statutes: O.C.G.A. § 33-4-6 (first-party bad faith penalties); O.C.G.A. § 51-12-5.1 (punitive damages)*
2) *Caselaw:* <u>*Lake v. Young Harris Alumni Foundation, Inc.,*</u> *283 Ga. App.*

*409, 410 (2007) ("An insurance company 'may make reasonable regulations defining the methods by which a [policyholder] may change the beneficiary named in his [policy]; and when such regulations are made they become part of the contract, and the right to change can be exercised in no other way.'")*

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

*Please see attachment A.*

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provision of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

*Please see attachment B.*

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

*Please see attachment C.*

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not

privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34 (Attach any copies or description to Responses to Initial Disclosures as Attachment D).

*Please see attachment D.*

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

*N/A*

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this a action or to indemnify or reimburse for payments to satisfy the judgment. (Attach a copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

*N/A*

**Signature on following page**

Respectfully submitted this 29th day of October, 2010.


  /s/ John D. Hadden
John D. Hadden
Georgia Bar No. 141317

Attorney for Plaintiff

**TURKHEIMER & HADDEN, LLC**
The Grant Building
44 Broad Street, Suite 600
Atlanta, Georgia 30303
404.890.7200 (telephone)
404.920.8192 (facsimile)
jhadden@haddenfirm.com

## Attachment A

*Defendant Moon identifies the following witnesses along with available contact information as follows:*

All parties, including any agent or agents of Globe that were involved in the purported change in beneficiary status, have knowledge generally of the facts, circumstances, and transactions involved in this case.

Defendant Moon also believes that numerous relatives and acquaintances of Decedent have knowledge of Decedent's physical state at the time of the purported beneficiary change, and may also be able to identify the voice on the Globe recording as someone other than Decedent.  To this defendant's personal knowledge, these individuals include:

Kathleen Gary (decedent's sister, 770-899-5502) (Ms. Gary also has knowledge of attempts by one or more of the cross-defendants to convince decedent to change beneficiaries)

Delores Hubbard (decedent's sister, 770-899-5502)

Deborah Hammonds (decedent's sister, 770-899-5502)

Velma Moon (defendant Moon's daughter, 404-567-2255)

Jamico Moon (defendant Moon's son, 1450 Timber Walk Dr., Loganville, Georgia 30052, 770-696-1119)

Michael Moon (defendant Moon's son, 404-434-5949)

Rev. Taylor (decedent's pastor, 404-969-1724)

The following medical personnel have general knowledge of decedent's physical condition and may also be able to identify her voice:

Dr. Adam Bressler (decedent's physician, 404-297-9755)

Dr. Maurice Jove (decedent's orthopaedic surgeon, 404-296-5005)

Paula Lessner (social worker who worked closely with Decedent while in DeKalb Medical Center, 404-501-1598)

Judy Gray (Grady nurse, 770-819-9082)

*As discovery is ongoing, defendant will supplement or amend this response as appropriate and necessary.*

**<u>Attachment B</u>**

No experts have been identified at this time.

*As discovery is ongoing, plaintiffs will supplement or amend this response as appropriate and necessary.*

**Attachment C**

*In defendant Moon's possession:*

Audio and/or video recordings of Decedent's voice from family gatherings

Medical records reflecting Decedent's physical condition contemporaneous with the purported change in beneficiary status

Power of attorney for Decedent

*Originals in plaintiff's possession:*

The subject life insurance policy

Demand letters from defendant Moon to Globe

Recording of purported beneficiary change

*As discovery is ongoing, plaintiffs will supplement or amend this response as appropriate and necessary.*

## **Attachment D**

Face value of insurance contract                    $15,000.00

Statutory bad-faith damages (counterclaim)    $7,500.00, plus reasonable
                                                                        attorneys fees and costs (TBD)

Punitive damages (cross-claim)                       (TBD)

     *As discovery is ongoing, plaintiffs will supplement or amend this response as appropriate and necessary.*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed **Defendant Sherion Moon's Initial Disclosures** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Mr. Kenton J. Coppage
> Ms. Dorothy H. Cornwell
> Smith Moore Leatherwood LLP
> 1180 West Peachtree Street, Suite 2300
> Atlanta, Georgia 30309
>
> Mr. Jonathan Melnick
> 3355 Lenox Rd., Suite 750
> Atlanta, Georgia 30326

I further certify that, pursuant to LR 5.1C, NDGa., the above document was prepared in Book Antiqua, 13 pt.

Respectfully submitted this 29th day of October, 2010.

>   /s/  John D. Hadden         
> John D. Hadden
> Georgia Bar No. 141317