# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | Civil Action File Number |
| ) | |
| v. ) | 1:09-CV-3574-TCB |
| ) | |
| DEBORAH LEWIS, BARBARA MALLORY, SHERION MOON, and ADRIAN RICH, ) ) ) ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSES TO INITIAL DISCLOSURES

Now comes GLOBE LIFE AND ACCIDENT INSURANCE COMPANY ("Globe Life") and submits its responses to initial disclosures, stating as follows:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is an interpleader action pursuant to 28 U.S.C. § 1335, involving life insurance benefits payable under a policy of life insurance issued by Globe Life on the life of Velma Middlebrooks.

In April 2007, defendant Moon was named as beneficiary on the subject life

-1-

insurance policy. In 2009, the beneficiary designation was changed in Globe Life's records from Defendant Moon to Defendants Mallory and Rich. Defendant Moon contests the validity of that transaction. Decedent died on April 10, 2009.

Pursuant to this Court's order, Globe Life has paid into the Court's registry, the benefit of $15,000 payable under the policy by reason of the decedent's death, plus interest. Defendant Sherion Moon has filed a counterclaim against Globe Life to recover a bad faith penalty and attorney's fees, and has asserted various tort claims against the other defendants via a cross-claim. Globe Life is a disinterested stakeholder.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

28 U.S.C. § 1335 (Interpleader Statute)

*Blount v. Life Ins. Co. of Ga.,* 139 Ga. App. 238 (1976) (change of beneficiary provisions of a life insurance policy are made solely for the benefit of the insurer and the company may waive them);

*Baldwin v. Wheat,* 170 Ga. 449 (1930) ("Such regulations . . . are made solely for the benefit and protection of the association, and may be waived by the association");

*Bohannon v. Manhattan Life Ins. Co.,* 555 F.2d 1205 (5th Cir. 1977) ("Under Georgia law an original beneficiary cannot object if an insurance company waives compliance with a policy provision prescribing the method for changing a beneficiary, since this provision is solely for the benefit of the insurer");

*National Life Ins. Co. v. Alembik-Eisner,* 582 F.Supp.2d 1362, 1372 (N.D. Ga. 2008) (awarding over $48,000 in attorney's fees to stakeholder after determining that defendant's counterclaim served to protract the proceedings);

*Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) (attorney's fees and costs generally awarded in interpleader actions);

*Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.,* 537 F. Supp. 1147, 1150 (M.D. Ga. 1982) (same);

*Septembertide Publishing Co. B. V. v. Stein and Day, Inc.*, 884 F.2d 675 (2d Cir. 1989) ("To assess fees and costs in favor of the stakeholder, a court of equity must find that (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.") (citing *3A Moore's Federal Practice*, ¶ 2.16[2] (2d ed. 1989)).

*Metropolitan Life Ins. Co. v. Barretto*, 178 F. Supp. 2d 745, 752 (D. Tex. 2001) (awarding additional attorney's fees to the interpleader plaintiff where a defendant claimant "protracted the proceedings . . . .").

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

See Attachment B.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6) <u>In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)</u>

See Attachment D.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

See Attachment E.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

Not applicable.

This 18th day of November, 2010.

            *s/Kenton J. Coppage*
            Kenton J. Coppage
            Georgia Bar No. 187190
            Dorothy H. Cornwell
            Georgia Bar No. 552635

            Attorneys for Globe Life and
            Accident Insurance Company

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street
Atlantic Center Plaza, Suite 2300
Atlanta, Georgia 30303
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*kent.coppage@smithmoorelaw.com*
*dorothy.cornwell@smithmoorelaw.com*

## **ATTACHMENT A**

The following employees of Globe Life, who may be contacted through counsel for Globe Life, may have discoverable information that Globe Life may use to support its claims in this matter:

> Lisa Studley
> Globe Life and Accident Insurance Company
> Globe Life Center
> Oklahoma City, Oklahoma 73184

## ATTACHMENT B

Globe Life does not identify any expert witness at this time.

# **ATTACHMENT C**

1. Policy No. 00J280363;

2. Original enrollment form;

3. Enrollment form for additional coverage;

4. Power of attorney dated July 31, 2006;

5. Durable power of attorney for health care;

6. Change of beneficiary form dated April 27, 2007;

7. Beneficiary endorsement;

8. Letter from Globe Life to decedent, dated January 28, 2009;

9. Discharge Education and Instructions form dated March 8, 2009;

10. Patient Agreement dated March 8, 2009;

11. Transcript of phone call of March 16, 2009;

12. Certificate of Death;

13. Letter from Sherion Moon to Globe Life dated April 17, 2009;

14. Letter from Globe Life to Sherion Moon dated April 20, 2009;

15. Letter from Sherion Moon to Globe Life dated April 29, 2009, and enclosures;

16. Email from Sherion Moon to Globe Life stating that she and/or Deborah Lewis were the legal beneficiaries of the policy;

17. Letter from Globe Life to Sherion Moon dated May 15, 2009;

18. Letter from Sherion Moon to Globe Life dated May 26, 2009;

19. Letter from Adrian Rich to Globe Life dated May 26, 2009;

20. Letter from Adrian Rich and Barbara Mallory to Globe Life dated July 27, 2009;

21. Letter from Globe Life to Sherion Moon, Adrian Rich, and Barbara Mallory dated September 23, 2009;

22. Audio recordings of customer service calls

## **ATTACHMENT D**

As a disinterested stakeholder, Globe Life filed the instant interpleader complaint because it could not safely determine the correct recipient(s) of the proceeds of the policy.  Globe Life seeks to recover its attorney's fees and costs incurred in connection with the complaint in interpleader and in defending Sherion Moon's counterclaim and seeks to be discharged from further liability.

## ATTACHMENT E

A duplicate of the policy is attached as Exhibit 1 to Globe Life's complaint.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing pleading was filed using the CM/ECF system, which will automatically provide notice to the following attorney of record by electronic means:

Jonathan R. Melnick, Esq.

John D. Hadden, Esq.

This 18th day of November, 2010.

s/*Kenton J. Coppage*
Kenton J. Coppage
